Shauck, J.
It does not seem necessary to inquire whether in stating the reason of its judgment of reversal the circuit court correctly repeated the substance of the instruction which the trial court gave to the jury upon the point stated. It is admitted that when he instructed the jury that a common carrier cannot limit its liability on account of.goods lost by its negligence, he satisfied the requirement of the law of this state in that particular. In view of tlaat instruction the verdict necessarily implied a finding by the jury that the goods were not lost by reason of the carrier’s negligence.
Attention to the record will show that after that finding there was no question for the jury to determine; and it will follow1- that if there wms error in another portion of the charge it could not be prejudicial to the shipper. The bill of lading contained the stipulation that the carrier should not be. liable for an amount exceeding fifty dollars unless the true value of the goods was therein stated. The value *413 was not therein stated. In the presence of the shipper, and contemporaneously with the delivery of the goods for carriage, the agent of the carrier stamped upon the bill the words “Value asked and not given.” The plaintiff attached this bill of lading to his petition and counted upon it as the contract for carriage. IT is petition would therefore have shown a right to recover only fifty dollars but for the allegation that the goods were lost through the negligence of the carrier. That allegation, its denial by the carrier and the conflicting evidence upon the subject of negligence raised the only question with respect to which either party was entitled to an instruction. That the bill of lading containing the' limitation upon the carrier’s liability was the contract for carriage was shown by the petition. It was alleged in the answer. Upon the trial it was proved by the undisputed testimony of both parties. By that time, certainly, it should have been régarded as established. Under instructions Admitted to have been as favorable to the shipper as he could request, the jury were directed to find whether the loss of the goods was from a cause which would render the stipulation ineffectual. When the trial judge passed from that issue and gave the jury instructions to guide them in determining what was the contract for carriage he merely gave to the shipper an undeserved opportunity to secure a verdict. This conclusion needs no support from the facts clearly shown that the shipper knew that the stipulation limiting the carrier’s liability was in the contract and that he did not disclose the value of the goods because he knew that a higher charge for carriage would be made in view of the increased risk. The result of the trial in the court of common pleas renders it immaterial whether in view of the shipper’s *414 concealment of the value of the goods, it was proper to give the unconditional instruction that the carrier was liable for the full value of the goods if they were lost by its negligence.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Mtnsi-iall, C. J., Burket, Spear and Davis, JJ., concur.